```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MICHAEL F. GOLDEN,                       :
                       Plaintiff,        :
                                         :    08 Civ. 1513 (DLC)
          -v-                            :
                                         :    OPINION & ORDER
NEW YORK CITY DEPARTMENT OF              :
ENVIRONMENTAL PROTECTION,                :
                       Defendant.        :
                                         :
-----------------------------------------X
```

Appearances:

Plaintiff Pro Se:

Michael F. Golden
40 Michigan Avenue
Massapequa, New York 11758

For Defendant:

Christopher L. Heer
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

DENISE COTE, District Judge:

On February 13, 2008, Michael Golden ("Golden") filed this pro se action against his employer, the New York City Department of Environmental Protection ("DEP"), alleging violations of the Family Medical Leave Act ("FMLA") and the New York State Human Rights Law ("NYSHRL"). The defendant has moved to dismiss the complaint on the ground that its claims are barred by the

doctrine of res judicata.  For the following reasons, the motion is granted.

BACKGROUND

Golden is employed by the DEP as a laboratory associate. On February 28, 2006, his counsel filed an action against the DEP, complaining principally of race, national origin, and disability discrimination.  In the course of fact discovery in October 2006, plaintiff's counsel withdrew, and Golden proceeded pro se from that time.

An amended complaint of March 22, 2006 asserted nine claims.  Five of the claims arose under federal statutes. Specifically, Golden alleged a violation of the Americans with Disabilities Act ("ADA"), three claims under Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination, harassment and retaliation, and a violation of the FMLA.  The remaining claims alleged violations of the NYSHRL and New York State common law.  Golden's disability claim was based on his uncontrolled shaking from torticollis.  The alleged FMLA violation -- an "interference" claim pursuant to 29 U.S.C. § 2615(a)(1) -- arose from Golden's absences from work due to a back injury.

The DEP filed a motion for summary judgment on March 2, 2007.  An Opinion of August 10, 2007 granted summary judgment to

the defendant on the federal discrimination claims, finding that they were time-barred. Golden v. New York City Dep't of Envtl. Prot., No. 06 Civ. 1587 (DLC), 2007 WL 2319130 (S.D.N.Y. Aug. 10, 2007). Because the parties had not addressed the legal framework for an FMLA claim, the Court reserved decision on the portion of the summary judgment motion addressed to that claim and provided the parties with an additional opportunity to brief the issue. The DEP's renewed motion for summary judgment on the FMLA claim was subsequently granted by an Opinion of December 3, 2007. Golden v. New York City Dep't of Envtl. Prot., No. 06 Civ. 1587 (DLC), 2007 WL 4258241 (S.D.N.Y. Dec. 3, 2007).[1] Golden filed a motion for reconsideration of the December 3, 2007 Opinion, which the Court denied in an Opinion of March 24, 2008. Golden v. New York City Dep't of Envtl. Prot., No. 06 Civ. 1587 (DLC), 2008 WL 762107 (S.D.N.Y. Mar. 24, 2008).

While the motion for reconsideration was being briefed, Golden filed this action against the DEP on February 13, 2008, alleging once more discriminatory conduct and interference with his FMLA rights. The complaint in the current action repeats the allegations of the 2006 complaint nearly verbatim but

---

[1] Golden had based his FMLA interference claim on two arguments: first, that the DEP improperly refused to grant him FMLA leave on several occasions and, second, that harassment by Golden's direct supervisor discouraged him from submitting leave requests. The December 3, 2007 Opinion rejected both theories. Id. at *2-3.

asserts only two causes of action: (1) an FMLA retaliation claim pursuant to 29 U.S.C. § 2615(b), and (2) a violation of the NYSHRL. The only factual allegation that Golden appears to have added is that, after notifying his supervisor that he intended to take FMLA leave, Golden received negative employment evaluations in that year and two subsequent years. He complains that the DEP refused his requests, made in 2005, to correct the negative evaluations. The DEP has moved to dismiss the complaint on the ground that the action is barred by the doctrine of res judicata.[2] Golden has submitted papers in opposition to the motion.

DISCUSSION

1. Res Judicata

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties

---

[2] The DEP also suggests in its reply brief that service in this action was untimely. The defendant was served on June 12, 2008, which was the last day of the 120-day period proscribed by Fed. R. Civ. P. 4(m). Golden filed the executed summons the following day, but it was not docketed until July 3. On June 16, 2008, when no proof of service was yet showing on the docket sheet, the Court ordered the plaintiff to communicate with it by July 16 as to why he had failed to serve the summons and complaint within the 120-day period, or, if he believed the defendant had been served, when and in what manner such service was made. Golden responded to the June 16 Order by a July 15 letter. The June 12 service thus was not untimely, and the Order of June 16 merely reflects an unusual delay in the docketing of the executed summons.

or their privies from relitigating issues that were or could have been raised in that action." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 112 (2d Cir. 2006) (citation omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (citation omitted). "Res judicata applies even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence." L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (citation omitted).

Golden's current action is barred by the doctrine of res judicata. It arises out of the same occurrences that precipitated the claims in his prior action before this Court -- namely, Golden's requests for FMLA leave for his back injury. The prior litigation resulted in a final judgment on the merits of the federal claim against Golden. He has sued the same defendant in this action and repeats many of the same allegations against it. The retaliation claim that he now raises under the FMLA could have been brought in the prior litigation.

Golden attempts to distinguish this claim from the claims he raised in his first lawsuit with the explanation that the

facts underlying his current lawsuit were used in the prior action as "proof of Defendant's retaliatory animus" and not "as evidence of the FMLA retaliation infraction." This distinction is unavailing. The doctrine of res judicata bars all subsequent claims that arise from the same occurrence, even if they are based on different legal theories. Like the FMLA retaliation claim Golden now asserts, the claims he raised in the prior action were also predicated on the manner in which he was treated after making the FMLA leave requests. The negative employment evaluations and any other facts Golden has added were known to him when he filed the prior lawsuit in 2006.[3] In sum, the issues Golden raises in the current action either were or could have been raised in his prior lawsuit, and Golden has thus articulated no reason why this action should not be barred by the doctrine of res judicata.

2. Attorney's Fees and Costs

The DEP requests that it be awarded attorney's fees and costs in connection with this motion to dismiss. It does not

---

[3] In his opposition to the defendant's motion, Golden points to a document which he asserts supports his FMLA retaliation claim. The document consists of a single page of handwritten notes, apparently created to record a telephone conversation between DEP employees concerning the availability of a reassignment that Golden had requested. The document is dated June 13, 2005 and, because it is Bates numbered, appears to have been produced in the course of discovery in the earlier litigation. Accordingly, any information evidenced by this document was known to Golden and could have been used to supplement his claims in the prior action.

cite to any particular statutory or other authority in support of its request. In any event, because this is the first action commenced by Golden as a pro se litigant arising from his FMLA leave requests, the Court declines to award fees or costs to the defendant.

CONCLUSION

Defendant's July 2, 2008 motion to dismiss is granted. The FMLA claim is dismissed with prejudice; the NYSHRL claim is dismissed without prejudice to its filing in state court. The defendant's request for costs and fees is denied. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
September 16, 2008

_____
DENISE COTE
United States District Judge

COPIES SENT TO:

| | |
|---|---|
| Michael Golden<br>40 Michigan Avenue<br>Massapequa, NY 11758 | Christopher Lee Heer<br>NYC Law Department<br>100 Church Street<br>New York, NY 10007 |